IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-00159-CNS-SBP

JOSE SOLIS-RAMIREZ,

    Plaintiff,

v.

PRIMERICA LIFE INSURANCE COMPANY and
JAIME GOMEZ,

    Defendants.

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT GOMEZ'S MOTION TO DISMISS**

Currently pending before the Court are two motions, filed the same day: Plaintiff's Motion for Remand (ECF No. 14) and Defendant Jaime Gomez's Motion to Dismiss (ECF No. 16). Plaintiff has requested that the Court extend his time to oppose the Motion to Dismiss until it has ruled on the Motion for Remand, and therefore necessarily defer ruling on the Motion to Dismiss. But that request fundamentally misunderstands the nature of the Motion to Dismiss and the Court's task in ruling on the Motion for Remand. And it would sacrifice judicial economy and expediency in the name of avoiding spurious confusion that numerous courts have previously navigated without issue.

On January 15, 2025, Defendants removed the action to this Court. (ECF No. 1.) As set forth in the Notice of Removal, the Court has jurisdiction over the claims at issue on the basis of diversity. (*See id.* ¶¶ 6-16.) Mr. Gomez, however, is a citizen of

Colorado, and diversity therefore depends on his having been fraudulently joined in the action. Resolution of the Motion for Remand therefore requires the Court to determine whether Mr. Gomez has in fact been fraudulently joined by assessing the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Markham v. Auto-Owners Ins. Co.*, No. 18-cv-00821-RM-STV, 2018 WL 6791106, at *2 (D. Colo. Sept. 26, 2018) (quoting *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013)).

The Notice of Removal identifies several bases on which the Court may find that Mr. Gomez was fraudulently joined, including that (i) as an insurance agent, Mr. Gomez discharged all duties he owed to Plaintiff upon procuring the at-issue policy (*id.* ¶ 11); (ii) documents incorporated by reference into the Complaint establish unequivocally that Plaintiff did not seek any other benefits from Mr. Gomez beyond the policy (*id.* ¶ 12); and (iii) the Complaint cannot allege any causation between Mr. Gomez's alleged conduct and Plaintiff's alleged damages (*id.* ¶ 13). These are the same bases upon which Mr. Gomez's Motion to Dismiss is based. (*See* ECF No. 16 at 7-10 (as a matter of law, Mr. Gomez had discharged his duties with respect to the policy), 10-11 (the policy belies Plaintiff's allegations that he sought any additional benefits), 11-12 (Plaintiff has not alleged and cannot allege causation).)

The issues before the Court on the Motion for Remand and the Motion to Dismiss are thus heavily intertwined, and, as a matter of judicial economy, the Court should address them together. Indeed, courts in this District routinely do just that. *See, e.g.*, *Thornton Hamilton LLC v. Owners Ins. Co.*, No. 22-cv-02092-RM-SKC, 2023 WL

2

5957130, at *3 (D. Colo. Sept. 13, 2023) (denying motion to remand based on fraudulent joinder and dismissing non-diverse defendant); *Cahill v. Am. Family Mut. Ins. Co.*, No. 07-cv-01910-MS-MJW, 2008 WL 3358081, at *3 (D. Colo. Aug. 8, 2008) (upholding diversity jurisdiction and declining to remand after finding that plaintiff had failed to state a claim against non-diverse defendant); *Nunn v. St. Paul Travelers*, No. CIVA05CV01246WDM, 2006 WL 827403, at *2 (D. Colo. Mar. 28, 2006) (granting motion to dismiss on the same basis as the court denied the motion for remand); *Estate of Hill v. Allstate Ins. Co.*, 354 F. Supp.2d 1192, 1199 (D. Colo. 2004) (same); *see also Torres v. Am. Family Mut. Ins. Co.*, No. 07-cv-01330-MSK-MJW, 2008 WL 762278, at *5-6 (D. Colo. 2008) (concluding that "Plaintiff has not alleged a viable claim" against non-diverse defendant and "the remaining alignment of the parties is sufficient to support diversity jurisdiction").

Plaintiff does not acknowledge these cases or the significant overlap between the Motion for Remand and the Motion to Dismiss. Instead, he merely argues that the Court must defer consideration of the latter "to ensure the Court does not unintentionally conflate" the standards for remand and dismissal. (ECF No. 21 at 3.) This Court surely has the capability to apply the appropriate standards to any questions that may be before it. But that is also a non-issue here. The Motion to Dismiss is not based on curable pleading failures. The grounds on which Mr. Gomez seeks dismissal are matters of law and not correctable through amendment. Accordingly, the Motion to Dismiss shows that Plaintiff is unable to make out his claims against Mr. Gomez—or, as Plaintiff would have it, that such claims are impossible. There simply is no conflict between the applicable standards.

3

Accordingly, this Court is more than capable of addressing both the Motion for Remand and the Motion to Dismiss simultaneously, as numerous courts before it have done. There is no reason for the delay and inefficiency that Plaintiff seeks to inject into this case.

Dated:  January 30, 2025.                                  Respectfully submitted,


                                                           *s/ Andrew S. Gehring*
                                                           Michael L. O'Donnell
                                                           Andrew S. Gehring
                                                           Wheeler Trigg O'Donnell LLP

                                                           Attorneys for Defendants Primerica Life
                                                           Insurance Company and Jaime Gomez

4

### CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on January 30, 2025, I electronically filed the foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT GOMEZ'S MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Timothy M. Garvey**
  tmg@denvertrial.com, mme@denvertrial.com

*s/ Andrew S. Gehring*